## FISHER *v.* SECRIST.

*(Circuit Court, N. D. Illinois.   November 16, 1891.)*

1. **ATTACHMENT—SUFFICIENCY OF AFFIDAVIT.**
    An affidavit in attachment which states that defendant is indebted to plaintiff "in the sum of $24,000 damages and interest upon the covenants in the deed" annexed thereto does not sufficiently set forth "the nature and amount of the indebtedness," within the requirement of the Illinois attachment act, (1 Starr & C. St. p. 310, § 2,) when the action is commenced by *præcipe*, and no declaration has been filed, but should state the facts relied on as breaches of the covenants, and the damages sustained by each breach.

2. **SAME—DEBT FRAUDULENTLY CONTRACTED.**
    Under section 9, authorizing an attachment when the debt sued for is fraudulently contracted, "provided the statements of the debtor, his agent or attorney, which constitute the fraud, shall be reduced to writing, and his signature attached thereto by himself, agent, or attorney," an attachment cannot issue upon affidavits showing fraudulent statements in writing by the debtor's agents, to which the debtor's signature is not attached.

3. **SAME.**
    Nor will an attachment issue upon an affidavit averring fraudulent statements by an agent, who attached the debtor's signature thereto, when the statements are not

attached to the affidavit or the substance of them set out; since the creditor cannot be allowed to determine for himself that the statement will authorize an attachment.

At Law.

Action commenced by attachment by Olive B. Fisher against Sophia S. Secrist upon an affidavit alleging that the debt was fraudulently contracted. Heard on motion to quash the writ. Motion granted.

*Eastman & Schumacher*, for plaintiff.

*E. A. Sherburne*, for defendant.

GRESHAM, J. This is a motion to quash a writ of attachment based upon an affidavit, the material parts of which read—

"That Sophia S. Secrist, defendant herein, is indebted to this affiant, after allowing all just credits and set-offs, in the sum of twenty-four thousand dollars ($24,000) damages and interest upon the covenants in the deed, a copy of which is hereto annexed and made a part of this affidavit. Affiant further says that said indebtedness was fraudulently contracted on the part of said Sophia S. Secrist; and, further, that certain statements were made by said Sophia S. Secrist by John M. Secrist, her agent, which constitute said fraud, and that said statements were reduced to writing, and that the signature of said Sophia S. Secrist by her said agent is attached thereto. Affiant further says that said indebtedness was fraudulently contracted on the part of said Sophia S. Secrist; and, further, that certain statements were made by said Sophia S. Secrist, by her agents R. A. Kimbel, Thomas Lomax, W. O. Crosby, and O. M. Wells, which constitute said fraud, and that said statements have been reduced to writing, and that the signatures of said agents are attached thereto."

Section 2 of an act governing proceedings in attachment (1 Starr & C. St. p. 310) reads:

"To entitle a creditor to such writ of attachment, he, or his agent or attorney, shall make and file with the clerk of such court an affidavit setting forth the nature and amount of the indebtedness, after allowing all just credits and set-offs, and any one or more of the causes mentioned in the preceding section."

The proceeding was commenced under subdivision 9 of section 1, which reads:

—"When the debt sued for is fraudulently contracted on the part of the debtor: provided, the statements of the debtor, his agent or attorney, which constitute the fraud, shall be reduced to writing, and his signature attached thereto by himself, agent, or attorney."

The deed contains the usual covenants of warranty, but there is no averment in the affidavit of a breach of all or any of them. The only description of the claim or demand is that the defendant is indebted to the plaintiff "in the sum of twenty-four thousand dollars damages and interest upon the covenants in the deed." This is not a "setting forth of the nature and amount of the indebtedness," within the meaning of the statute. The affidavit should state the facts relied on as breaches of the covenants, and the damage sustained by each breach. The action was commenced by *præcipe*, and no declaration has been filed.

There is another, and no less fatal, objection to the affidavit. The writ cannot issue under subdivision 9, unless an affidavit of the creditor, his agent or attorney, shows, otherwise than by mere averment, that the debt was contracted by means of written fraudulent representations or statements bearing the defendant's signature attached by himself, or his authorized agent or attorney. The defendant's signature is not attached to the statements made by the agents Kimbel, Lomax, Crosby, and Wells. The other alleged fraudulent statements, it is averred, were made by the defendant's agent John M. Secrist, who attached her signature to them. But a copy of them is not made part of the affidavit, nor is the substance of them embodied in it. The creditor is not permitted to determine for himself that the written statements, if there be any, are such as entitle him to the writ. The proviso of subdivision 9 was doubtless deemed necessary to protect the debtor against abuse of process in a proceeding which is summary and strictly statutory. It is true that, under the construction which the supreme court of the state has given to the preceding clauses of the same section, it is sufficient, in proceedings under them, that the affidavit follows their language. But subdivision 9 has not been construed by that court, and, in view of its clear and explicit language, I think the affidavit is defective. Motion sustained.